# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSS MAREZ,

      Plaintiff,

vs.                                                                             No. CIV 99-836 BB/LCS

**KENNETH S. APFEL**, Commissioner,
**Social Security Administration,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing *(Doc. 9)*, filed March 1, 2000. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is not well taken and recommends that it be DENIED.

### Proposed Findings

1.       Plaintiff Ross Marez ("Marez") filed an application for disability insurance benefits and Supplemental Security Income ("SSI") disability benefits with the Social Security Administration on December 5, 1996. *See* Record at 98-101. In the Disability Report submitted with that application, Plaintiff alleged that he became disabled on October 23, 1996 due to diabetes, hearing loss, and arthritis. *See* Record at 123. Marez' application was denied at the initial level on February 12, 1997, *see* Record at 78, and at the reconsideration level on May 6, 1997, *see* Record at 84. Plaintiff appealed the denial of his claim by filing a Request for Hearing

by Administrative Law Judge on July 10, 1997.  *See* Record at 87.

2. The Commissioner's administrative law judge (ALJ) conducted a hearing on Marez' application on February 24, 1998.  *See* Record at 12.  The ALJ found that Plaintiff met the special earnings requirements of the Act on October 23, 1996, and continues to meet the requirement through the end of calendar year 2001.  *See* Record at 13. The ALJ then proceeded to analyze Plaintiff's claim according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993).  The ALJ found that Marez had not engaged in substantial gainful activity since the onset of his condition (Step 1); Marez has impairments consisting of diabetes mellitus, osteoarthritis of the knee and elbows and loss of hearing in the left ear (Step 2); and the severity of Marez' impairments has not met or equaled any of the impairments found in the Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. §§ 404.1501-.1599 (Step 3).  *See id.*  Neither party disputes these findings. The ALJ then proceeded to Step 4 of the sequential analysis, and found that Marez was not disabled, relying on the testimony of a vocational expert that Marez could return to his past relevant work as an electro-mechanical draftsman.  *See* Record at 19.  Plaintiff objects to this finding.

3. The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards.  *See Hamilton v. Secretary of Health and Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."  *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)).  A decision of an

ALJ is not supported by substantial evidence if the evidence supporting the decision is overwhelmed by other evidence on the record. *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

4. Marez was employed as an electro-mechanical draftsman at Sandia and Los Alamos National Laboratories from 1977 through 1987. *See* Record at 156. From September 1987 through August 1988, Marez worked as an assistant manager and maintenance worker at the Sun Plaza apartment complex. *See id.* Beginning in March 1989 and continuing through October 1996, Marez was a heavy equipment operator with the New Mexico State Highway and Transportation Department. *See* Record at 41, 156. Marez was forced to quit this last job because of a series of accidents that convinced him that he was danger to the safety of his fellow employees. *See* Record at 41.

5. The record indicates that Marez has a history of diabetes mellitus, recurrent elbow bursitis and/or mild osteoarthritis of the elbows and knees and/or degenerative joint disease, and deafness in the left ear. *See* Record at 196, 200-01, 206, 209, 236. His primary treating physician, Dr. Wilson, reported on several occasions that Marez' diabetes was not well controlled because Marez did not want to take insulin and stopped taking all diabetes medications for a period of time. *See* Record at 232, 235-36, 239, 242. Dr. Wilson also reported that Marez claimed to be unable to work due to fatigue and joint pain; that the fatigue could be due, in part, to the poor glycemic control; and that there were no objective findings to support his claims that he could not work more than three hours a day. *See* record at 239-40.

6. Marez reported taking 800-1600 mg of ibuprofen for pain as needed, sometimes taking as much as 4800 mg per day. *See* Record at 186, 200, 201, 232, 235, 240. He reported

3

that the ibuprofen, even at such high levels, was effective only for about two hours at a time. *See* Record at 232, 235.

7. Dr. Jan Hamilton, a non-treating physician, examined Marez on January 27, 1997. In that examination, Dr. Hamilton determined that Marez could lift 10 pounds frequently and 15 pounds occasionally; could stand or walk four hours in an eight-hour workday, including up to one hour continuous standing or walking; and any job-related traveling would be affected by his impairment. *See* Record at 211-12. Otherwise, Dr. Hamilton did not find any restrictions on Marez' ability to do work. Dr. Hamilton also reported that it appeared Marez' left ear deafness was being treated effectively by using an "ear transmitter" that passed the sounds to his right ear, which had normal hearing. *See* Record at 209. Hamilton also reported that Marez reported considerable problems with fatigue. *See id.*

8. Two non-examining, state agency employee physicians, Dr. Valerie Dillon and Dr. Clinton Morgan, reviewed Plaintiff's medical records and completed Residual Functional Capacity assessments (RFC's). These RFC's indicated that Marez could lift or carry at least 10 pounds frequently, stand or walk six hours out of an eight-hour day, sit a total of six hours out of an eight-hour day, and could perform postural activities such as stooping, crouching or kneeling at least occasionally. *See* Record at 214-15, 222-23. These RFC's by non-examining physicians are not substantial evidence, standing alone, to support a finding of no disability. *See Ragland v. Shalala*, 992 F.2d 1056, 1058-59 n.3 (10th Cir. 1993).

9. At the hearing before the ALJ, vocational expert Kevin Davis testified that an individual with all of the limitations listed in Dr. Jan Hamilton's report (i.e., able to lift 10 pounds frequently and 15 pounds occasionally, able to walk or stand up to four hours in an eight-hour day

4

with regular breaks, able to sit for up to eight hours, left ear deafness and postural limitations) would be able to perform the jobs of drafting assistant or electro-mechanical draftsman. *See* Record at 72-73.

9. Plaintiff raises three objections to the ALJ's finding at Step Four that he can return to his past relevant work as a drafting assistant or electro-mechanical draftsman. First, Plaintiff argues that there is insufficient evidence to support the ALJ's finding that he has the residual functional capacity for light work. Second, Plaintiff objects to the ALJ's finding that his complaints of non-exertional impairments (i.e., pain and fatigue) are not credible. Finally, Plaintiff argues that the case must be remanded to consider additional evidence submitted to the Appeals Council. *See* Pl.'s Mem. in Supp. of Motion *(Doc. 10)*, filed March 1, 2000, at 3-4.

10. Substantial evidence supports the ALJ's findings that Marez can perform the duties of his past relevant work as drafting assistant or electro-mechanical draftsman. As an examining physician, Dr. Hamilton's assessment of Marez' abilities is entitled to substantial weight. *See* 20 C.F.R. § 404.1527(e)(2). Although a treating physician's opinion is given more weight than that of an examining physician, there is no evidence from Marez' treating physicians in conflict with Dr. Hamilton's assessment. In fact, Dr. Wilson noted that he did not see objective medical evidence to support Marez' claim that he could not work for more than three hours a day. *See* Record at 240. Dr. Hamilton's RFC, taken together with the findings of the vocational expert Kevin Davis, provide substantial evidence that Plaintiff can perform his past relevant work as electro-mechanical draftsman or drafting assistant.[1] Even if Plaintiff cannot perform the full range

---

[1]The ALJ's decision in the second paragraph of Finding 10 recites language from the hypothetical to the vocational expert that was based on the findings of the state consultative physicians rather than the findings of Dr. Hamilton. *See* Record at 19. It appears that the ALJ

5

of light work, Plaintiff's ability to perform his past relevant work is sufficient to compel a finding a "no disability" at Step Four of the sequential evaluation.

11. The ALJ's credibility assessment is also supported by substantial evidence. The ALJ's credibility assessment is entitled to deference when it is supported by evidence on the record. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992). The ALJ noted that Marez is able to perform heavy lifting for periods of up to two hours at a time when he takes ibuprofen. *See* Record at 19, 232. The ALJ also noted that Dr. Wilson, Plaintiff's treating physician, did not see any objective medical reason why Plaintiff could not work for more than three hours a day. *See* Record at 18, 240. Finally, the ALJ noted that Dr. Wilson believed that Marez' failure to take his diabetes medicine contributed to any feelings of fatigue and malaise. *See* Record at 15, 240. The ALJ is entitled to discount a plaintiff's claim of disabling pain where there is evidence that the plaintiff has been noncompliant with medical treatment. *See Pacheco v. Sullivan*, 931 F.2d 695, 698 (10th Cir. 1991). Plaintiff does not present any objective evidence that his pain is disabling to rebut the ALJ's credibility finding.

12. None of the evidence that Plaintiff presented to the Appeals Council tends to indicate that Plaintiff cannot perform any of the duties of electro-mechanical draftsman or drafting assistant. If anything, the "new evidence" tends to indicate that Plaintiff is non-compliant with his medical treatment, has average intelligence, and has no significant psychological impairment. A radiology report that indicates mild osteoarthritis of one joint in Marez' left hand does not provide

---

omitted from his opinion the third hypothetical posed to the vocational expert, that a person with the more stringent limitations specified by Dr. Hamilton would also be able to perform the duties of electro-mechanical draftsman and drafting assistant. *See* Record at 72-73. Therefore, any technical error due to this omission in the ALJ's decision is undoubtedly harmless because the ALJ's decision already credited the testimony of both Dr. Hamilton and Mr. Davis.

substantial evidence of any new disabling condition. Therefore, it is not necessary to remand this case to consider this evidence.

13. The ALJ's finding that Marez is not disabled because he can return to his past relevant work is supported by substantial evidence and is in accordance with the law.

**Recommended Disposition**

The ALJ applied the correct legal standards and the decision is supported by substantial evidence. I recommend that Plaintiff's motion be denied, the decision of the ALJ affirmed, and this case dismissed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaSS Orders\99-836 pfd.wpd